**METALLICS RECYCLING COMPANY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–1247.

United States Court of Appeals, Sixth Circuit.

Argued March 7, 1984.

Decided April 20, 1984.

**524**

Robert W. Malone, Buckingham, Doolittle & Burroughs, Arthur W. Moore, argued, Akron, Ohio, for petitioner-appellant.

Kenneth W. Gideon, Chief Counsel, I.R.S., Glenn L. Archer, Jr., Michael L. Paup, Richard Farber, John P. Griffin, argued, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before MARTIN, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

Metallics Recycling Company, the taxpayer, appeals from the decision of the United States Tax Court filed November 8, 1982, and reported at 79 T.C. 730. The Tax Court held that taxpayer is not entitled to a new jobs tax credit under 26 U.S.C. §§ 44B and 52, as added by the Tax Reduction and Simplification Act of 1977, P.L. 95-30, 91 Stat. 126. We affirm.

Reference is made to the reported decision of the Tax Court for a detailed recitation of pertinent facts.

**I**

The 1977 statute was "designed to provide economic stimulus to increase consumer spending, expand production of goods and services and reduce unemployment." [1]

One of the objectives of the Act was to encourage the creation of new jobs, particularly in small businesses. The statute allowed an employer to claim a tax credit for new jobs provided to employees in 1977 and 1978. Section 44B authorized eligible employers to apply for the credit. Sections 51 and 52 prescribed the method of determining whether an employer was entitled to a tax credit, and, if so, in what amount. The credit was designed to be calculated with respect to the increase in the employer's federal unemployment insurance wages over the preceding tax year. The Tax Court stated the rule for measuring the tax credit in this language: "[A]n employer which paid unemployment insurance wages in 1977 in an amount that exceeded 102 percent of the unemployment insurance wages it paid in 1976, was entitled to a new jobs credit equal to 50 percent of the excess, subject to certain limitations."

On its return for 1977 taxpayer claimed a new jobs tax credit of $39,233, based upon the claimed excess of unemployment insur-

---

1. Senate Report No. 95-66, 95th Cong., 1st Sess., reprinted in 1977 U.S.Code Cong. & Ad.News 185.

ance wages paid by it in 1977 over the amount of such wages it had paid in 1976. The Commissioner disallowed the credit and issued a deficiency notice.

## II

■ Taxpayer was incorporated under the laws of Ohio in December 1975 and began its operations in December 1976. It is engaged in the business of buying, processing and selling scrap metals and other scrap materials. This corporation was formed by Samuel Shapiro, the president and majority shareholder of Wayne Steel, Inc. and Robert Polsky, the president and majority shareholder of Volper Iron and Metal, Inc. Prior to 1977, Volper and Wayne were engaged in the scrap metal business.

At the time of its formation and throughout its initial year of operation, taxpayer purchased substantial assets and inventory from Volper and Wayne. It also hired a number of former Volper and Wayne employees.

After the incorporation of taxpayer, Volper and Wayne informed their customers that they no longer would be processing scrap. Wayne sent out announcements that "the scrap division of Wayne Steel is no longer going to be" and advised that those services would be continued by taxpayer. When customers brought scrap to the yards of Volper or Wayne, they were referred to taxpayer.

A substantial portion of taxpayer's suppliers of scrap formerly were suppliers of Volper or Wayne; likewise, a substantial number of taxpayer's customers formerly purchased scrap from Volper or Wayne. The details of these transactions are set forth in the Tax Court opinion and will not be repeated here.

The Commissioner determined that a part of the wages paid by Volper and Wayne in 1976 should be attributed to taxpayer because it had acquired a major portion of the scrap metal business of these two corporations. As a result, the Commissioner concluded that there was no increase in wages paid by taxpayer in 1977 over its 1976 wages, and therefore there was no basis for claiming a new jobs tax credit. The Tax Court agreed with the determination of the Commissioner, basing its decision on 26 U.S.C. § 52(c), as added by the 1977 Act.[2]

The record supports the conclusion that taxpayer took over the major portion of the trade and business of two existing corporations—that is, a major portion of Volper's business and a major portion of a separate part of Wayne's business.

Under Section 52(c), the Tax Court was correct in holding that the wages paid by Volper and Wayne, to the extent related to the scrap metal operations acquired by taxpayer, were to be attributed to taxpayer in determining its eligibility for the new jobs tax credit. This is in accord with the legislative history of the 1977 Act. *See* Senate Rep. No. 95–66, 72–73, *reprinted in* 1977 U.S.Code Cong. & Ad.News 250–251.

## III

■ Taxpayer contends that the Tax Court erred in holding that the limitations of 26 U.S.C. § 52(c) apply where an employer acquires a portion of more than one business, as in the instant case. Reliance is placed upon the fact that the statute is couched in the singular, referring to the

---

**2.** 26 U.S.C. § 52(c) provides:

"(c) ADJUSTMENTS FOR CERTAIN ACQUISITIONS, ETC. —Under regulations prescribed by the Secretary—

"(1) ACQUISITIONS.—If, after December 31, 1975, an employer acquires the major portion of a trade or business of another person (hereinafter in this paragraph referred to as the 'predecessor') or the major portion of a separate unit of a trade or business of a prede- cessor, then, for purposes of applying this subpart for any calendar year ending after such acquisition, the amount of unemployment insurance wages deemed paid by the employer during periods before such acquisition shall be increased by so much of such wages paid by the predecessor with respect to the acquired trade or business as is attributable to the portion of such trade or business acquired by the employer.

acquisition of the major portion of *a* trade or *a* business of *another person*.

Title 1, Section 1 of the United States Code provides: "In determining the meaning of any Act of Congress, unless the context indicates otherwise—words importing the singular include and apply to several persons, parties or things." The Tax Court correctly held that Title 1, Section 1 of the Code does not state a mandatory rule of construction and that the applicability of Section 52(c) to the facts of the present case turns on the congressional intent underlying the new jobs tax credit and the limitations thereto prescribed by Congress. *See First National Bank v. Missouri*, 263 U.S. 640, 657, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1924).

The Tax Court concluded that: "in the light of the legislative history", [1 U.S.C. § 1] "is an appropriate rule of construction to apply to Section 52(c)." This court agrees with the following analysis of the Tax Court: "The legislative history shows that the Congress intended the creation of jobs to be the touchstone for availability of the new jobs credit. Nowhere does the history indicate, as petitioner Metallics argues, that an employer's acquisition of the major portions of other employers' businesses (plural) falls outside the scope of Section 52(c). Instead, the employer which acquires more businesses than one, but which hires no new employees beyond those already involved in the acquired businesses, is precisely the employer the Congress intended to preclude from receiving a new jobs tax credit."

## IV

 The other contentions of the taxpayer are directed against the findings of fact of the Tax Court. The findings of fact by the Tax Court are subject to the same review as decisions of a district court in civil actions tried without a jury. 26 U.S.C. § 7482(a). The "clearly erroneous" standard applies. *Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960); *Owens v.*

*Commissioner*, 568 F.2d 1233, 1238 (6th Cir.1977).

Whether taxpayer acquired the major portion of the businesses of Volper and Wayne is an issue of fact.

We conclude that the findings of fact as set forth in the comprehensive opinion of the tax court are not clearly erroneous.

Affirmed.